## Dawn M. Cardi & Associates
*Attorneys At Law*
Two Park Avenue, 19th Floor
New York, NY 10016
212/481-7770-phone
212/684-3008-fax
917/543-9993-cell
cardiesq@aol.com

Associate
Chad L. Edgar

<u>Of Counsel</u>
Jill M. Zuccardy

September 2, 2008

**<u>BY ECF & FEDEX</u>**

The Honorable Robert P. Patterson
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2550
New York, New York 10007

    Re: <u>United States v. Jackie Ray Walker, 07 Cr. 1091 (RPP)</u>

Dear Judge Patterson:

    Counsel for the defendant, Mr. Jackie Ray Walker, respectfully submit this letter in response to the government's sentencing submission dated September 1, 2008 (hereafter "Gov't Memo"). Mr. Walker is scheduled to be sentenced on September 4, 2008 at 4:00 p.m.

    In the factual background, the government offers details of Mr. Walker's offense conduct that require clarification.

    First, the government suggests that Mr. Walker knew that he was selling firearms to a cocaine dealer who was shipping them to the Caribbean. See Gov't Memo at 1. Mr. Walker in fact knew no such thing. According to Mr. Walker, when the federal agent who questioned him after his arrest asked him if the purchaser of the guns dealt in drugs, Mr. Walker said something to the effect that that was possible but he did not know for certain. Mr. Walker has no memory of stating that he thought or heard the purchaser say that he was shipping them to the Caribbean. While we do not seek a <u>Fatico</u> hearing on this issue, we would simply note that Mr. Walker and other defendants being interrogated have no opportunity to review and correct the summaries that are made of their alleged statements during the course of an interrogation.

    By noting that Mr. Walker stated to the purchaser that the guns he was selling were fully automatic or he could make them so, the government attempts to portray Mr. Walker as a scary professional gun-trafficker. <u>See id.</u> But Mr. Walker is no professional gun-trafficker. There is nothing in his criminal history to suggest either that he sold firearms previously or that he

The Honorable Robert P. Patterson
September 2, 2008
p. 2

possessed firearms in the commission of any crimes for which he has been convicted. The short sentences that Mr. Walker has served for his drug activity indicate that he has been consistently viewed as a non-violent offender. In stating that he could make firearms fully automatic, Mr. Walker was simply telling the purchaser what he thought the purchaser wanted to hear in order to close the deal.

In describing Mr. Walker's criminal history, the government depicts a lawless defendant who does not deserve leniency. According to the government, Mr. Walker's repeated convictions for drug activity and his failure to comply with the terms of probation and parole preclude him from obtaining a second chance from this Court. See Gov't Memo at 3. From the perspective of counsel to criminal defendants, however, Mr. Walker's criminal history is the typical one of small-time dealers who have frequent brushes against the law in state courts. To see a return to petty dealing after a state conviction and serving a lenient sentence as was the case with Mr. Walker is hardly surprising or exceptional. The real test of a defendant's capacity for rehabilitation is their conduct in the wake of a substantial sentence – Mr. Walker has yet to be put to that test. We believe his personal history and circumstances – beleaguered as he has always been by the financial importuning of numerous family members that knew he had only one way to assist them – justify the imposition of a lenient sentence.[1]

Finally, with respect to the discussion of Mr. Walker's attempt at cooperation, the government appears to miss our point. We do not argue that Mr. Walker met all the conditions that would satisfy a motion for a §5K1.1 departure. See Gov't Memo at 4. Rather, we argue that in the wake of Booker, the Second Circuit has held that cooperation is no longer simply a matter of successful or unsuccessful cooperation. If a defendant attempted to cooperate and demonstrated thereby a willingness both to assume responsibility for his or her actions and assist the government in the arrest of coconspirators, that conduct can and should be taken into account under the "history and characteristics of the defendant" sentencing factor. See United States v. Fernandez, 443 F.3d 19, 33-34 (2d Cir. 2006). As Mr. Walker attempted to cooperate with the federal agent that arrested him, that attempt should be taken into account at his sentencing.

We would also add that while the government is right that successful cooperation carries with it a "host of obligations" that Mr. Walker did not fulfill, that fact cannot be imputed to anything Mr. Walker failed to do. See Gov't Memo at 4. For all the government knows, if the purchaser of Mr. Walker's guns had been other than an undercover officer, Mr. Walker would have fulfilled his obligations as a cooperator to everyone's satisfaction.

---

[1] We realize that the allegations in the federal indictment in the Middle District of Georgia are serious to the extent that they place Mr. Walker in a car where approximately 1.5 kilograms of cocaine was found. See Gov't Memo at n.1. Mr. Walker strenuously asserts his innocence regarding this drug charge. If the Court believes our representation that Mr. Walker was driven to the instant offense by the "financial importuning" of his family, it makes little sense that he would be wasting his time driving across state lines to sell guns for a marginal profit when he had access to such large supplies of cocaine nearer to home.

The Honorable Robert P. Patterson
September 2, 2008
p. 3

## CONCLUSION

For all the reasons stated above and in our previous submission, we respectfully submit that a reasonable sentence to impose on Mr. Walker is 60 months or five years.

Respectfully submitted,

Dawn M. Cardi

cc: Adam S. Hickey (by ECF & email)
Assistant United States Attorney

Stephanie M. Dunne (by email)
U.S. Probation Officer

Jackie Ray Walker (by mail)